HERBERT F. SHAW *vs.* JACOB S. GRAVES AND WIFE.

Kennebec. Opinion February 24, 1887.

*Contract. Support and maintenance. Physician's bill.*

Where a husband and wife bound themselves by bond to other persons to furnish support to a third party, and fail to perform their duty in that respect, there is no implied authority to warrant such third party in obtaining outside assistance upon their credit and expense.

Where the wife knew a physician had been sent for to attend such party, and did not object, and the husband, on the arrival of the physician at his house, forbade him rendering any service on their account, and the physician rendered services, making his charge therefor to such third party, he cannot, after such election, recover of the husband and wife, or either of them, either the whole charge for such visit, or so much of it as accrued before the husband's repudiation of his authority to act.

ON motion to set aside the verdict from superior court

Assumpsit on an account annexed, by a physician, for professional attendance upon Mrs. Sarah J. Cofren, amounting to $10.15. The verdict of the jury was for the plaintiff for ten dollars and forty-two cents. This verdict the defendant moved to set aside as being against law and evidence.

*J. H. Potter* for the plaintiff, cited: *Enfield* v. *Buswell*, 62 Maine, 128; *Hunter* v. *Heath*, 67 Maine, 507; *Staples* v. *Wellington*, 58 Maine, 453.

*Bean and Beane* and *H. M. Heath*, for the defendants, cited: *Wyman* v. *Hook*, 2 Maine, 337; *Porter* v. *Hooper*, 11 Maine, 170; *Howe* v. *Russell*, 41 Maine, 446; *Jewett* v. *Somerset*, 1 Maine, 125; *Wyman* v. *Banton*, 66 Maine, 171; *Moody* v.

*Moody*, 14 Maine, 307 ; *Winchester* v. *Howard*, 97 Mass. 305 ; *Earle* v. *Coburn*, 130 Mass. 595 ; *Whiting* v. *Sullivan*, 7 Mass. 107 ; *Boston Ice Co.* v. *Potter*, 123 Mass. 28 ; *Hills* v. *Snell*, 104 Mass. 173 ; *Mass. Gen'l Hospital* v. *Fairbanks*, 129 Mass. 78 ; *Mellen* v. *Whipple*, 1 Gray, 317 ; *Hennessey* v. *Deland*, 110 Mass. 145 ; *Dow* v. *Clark*, 7 Gray, 198.

PETERS, C. J. The merits of this very elaborate case lie within quite narrow limits.

A physician was called to visit a Mrs. Cofren who lived with the defendants. She had the bond of her sons that they would support her, and the sons had the obligation of the defendants to render the support. In rendering this support they might have to make contracts with physicians or other persons, but the person to be supported could not make contracts in their name without their consent. The plaintiff, a physician, performed medical services for Mrs. Cofren and made the charges to her therefor.

An action for those services cannot be maintained against the defendants on an implied promise. Such an implication does not arise from the situation of the parties. *Moody* v. *Moody*, 14 Maine, 307.

No express promise was made by either of the defendants (husband and wife), nor can any promise be fairly inferred from the circumstances. The most that can be pretended, to fix any liability on the wife, is, that she knew that the plaintiff had been sent for, not directly by her, but without any objection on her part. But the case shows that, when the plaintiff first came to the house, he was met by the husband, who forbade him rendering any services on their account.

The utmost claim that could have been in any view possibly recoverable, would be for so much of the first visit of the plaintiff as consisted in going to the house, before he was met by the husband in a hostile attitude, almost at the door. But this the plaintiff cannot recover, if for no other reason, because at that interview, he elected not to divide the charge, rendering the services on the credit of Mrs. Cofren, against whom he charged all subsequent visits, and against whom and whose estate he has

since endeavored, until this suit was brought for the same services, to make a collection of his bill. The verdict is unsupported by the evidence.

*Motion sustained.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.